UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THEODORE MUSGROVE,

Plaintiff,

v.

OFFICER JOHN MORGAN; OFFICER ZAGAL; and WARDEN RANDY VALLEY,

Defendants.

Case No. 1:26-cv-00135-DCN

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Theodore Musgrove's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for

relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. On September 20, 2025, Defendant correctional officers Morgan and Zagal "conducted dinner service" in Plaintiff's housing unit. Morgan asked Plaintiff if he would like "ice service." Plaintiff nodded in response. *Compl.*, Dkt. 3, at 4.

Morgan then placed Plaintiff's dinner tray in the cell's utility port. Plaintiff took the tray and put his hand through the port to get his ice. Morgan immediately ordered Plaintiff to remove his hand and shoved Plaintiff's hand back into the cell. Morgan also trapped Plaintiff's hand between the latch and the port, applying "pressure." *Id*. at 4–5.

Officer Zagal assisted Morgan in trying to get Plaintiff's hand out of the utility port. Plaintiff then pulled his hand from the port, and the officers walked away. Plaintiff states that, prior to this interaction, he had threatened to file suit against Morgan. *Id*. at 5.

Plaintiff filed a grievance about the interaction. Defendant Warden Valley responded that "[a]ny harm done was due to your actions, not CO Morgan." *Id*.

Plaintiff claims that Morgan, Zagal, and Valley violated the Eighth Amendment by using excessive force. *Id*. at 6–7. Though it is not entirely clear, Plaintiff might also be attempting to assert a retaliation claim.

## 3. Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### *A. Standards of Law Governing Plaintiff's Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. Further, a defendant whose only role in a constitutional violation involved the denial of an administrative grievance cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional

deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### ***B. The Complaint Does Not State a Plausible Excessive Force Claim***

Plaintiff brings claims under the Eighth Amendment to the United States Constitution. That amendment protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) a subjective standard, that the defendant acted with a sufficiently culpable state of mind, and (2) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment prohibits prison officials from using excessive force against inmates. Because the Eighth Amendment prohibits only "cruel and unusual" punishment, and not punishment in all forms, the use of force against a prisoner amounts to a constitutional violation only if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320–21 (1986) (internal quotation marks omitted). If the "force was applied in a good faith effort to maintain or restore discipline," there is no Eighth Amendment violation. *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

The "malicious and sadistic" standard "necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2003). Therefore, force that is "merely objectively unreasonable" does not violate the Eighth Amendment. *Id*. Because correctional officers "must make their decisions in haste, under pressure, and frequently without the luxury of a second chance," courts must afford prison staff "wide-ranging deference" in this analysis. *Bearchild*, 947 F.3d at 1140 (internal quotation marks omitted).

As for the objective prong of the excessive force inquiry, not every "malevolent touch" by a prison guard gives rise to a constitutional violation. *Hudson*, 503 U.S. at 9. A "*de minimis*" use of physical force does not violate the Eighth Amendment, "provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 10. Rather, in addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived

of something sufficiently serious." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (internal quotation marks omitted).

A court analyzing whether a prisoner has stated a plausible excessive force claim should consider five factors: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Bearchild*, 947 F.3d at 1141 (alteration omitted). In considering these factors, the Court may draw inferences "as to whether the use of force could plausibly have been thought necessary" or, instead, whether the use of force "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321 (quotation omitted).

The Complaint does not plausibly suggest that Plaintiff's injury was serious, that there was no need to use force, or that the officers did not reasonably perceive Plaintiff as a threat. *See Bearchild*, 947 F.3d at 1141. The "obvious alternative explanation" is that Morgan and Zagal did not see Plaintiff nod his head when asked if he wanted ice service. *See Iqbal*, 556 U.S. at 682 (2009) (internal quotation marks omitted). Thus, Plaintiff's thrusting his hand through the utility port could reasonably have been seen as threatening. Moreover, Morgan and Zagal did nothing more than apply pressure to Plaintiff's hand, which is simply a *de minimis* use of force. For these reasons, the Complaint does not state a claim for relief under the Eighth Amendment.

### *C. The Complaint Does Not State a Plausible Retaliation Claim*

Plaintiff also may be alleging that Defendants' use of force was retaliatory. The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: (1) "a state actor took some adverse action" against the inmate; (2) the defendant took the adverse action "because of" the inmate's exercise of protected conduct; (3) the action "chilled the inmate's exercise" of protected conduct; and (4) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Further, not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves

in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

Finally, even if an inmate proves that his protected conduct was the cause of an adverse action by a jail official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate governmental interest. *See Turner*, 482 U.S. at 89. The "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

The Complaint contains nothing more than a bare allegation that Defendants acted with a retaliatory motive. *See Rizzo*, 778 F.2d at 532 n.4. Therefore, Plaintiff has not stated a plausible retaliation claim.

***D. Claims Against Warden Valley***

The Complaint fails to state a claim for relief against Warden Valley for the additional reason that Valley's only role in the incident was answering Plaintiff's grievance. This is insufficient to state a constitutional claim under § 1983. *See Taylor*, 880 F.2d at 1045; *Shehee*, 199 F.3d 300.

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct

or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above.

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge